# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PATRICK A. FOX, JR.

    Petitioner,

vs.

WARDEN, WARM SPRINGS CORRECTIONAL CENTER, et al.,

    Respondents.

Case No. 3:12-cv-00335-LRH-WGC

**ORDER**

    Petitioner has paid the filing fee (#5). The court has reviewed his petition for a writ of habeas corpus and his supporting memorandum pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to file an amended petition to correct defects in three grounds.

    Pursuant to a plea agreement, petitioner was convicted in state court of trafficking in a controlled substance. Petitioner did not appeal. Petitioner did pursue post-conviction remedies in state court, which were denied. Petitioner then commenced this action.

    Grounds 1 and 2 suffer from the same defect. Petitioner was arrested after Reno police executed a search warrant on his brother's apartment. In ground 1, petitioner claims that he was denied a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 155-156 (1978), to challenge the truthfulness of statements made in the affidavit in support of the application of the search warrant. In ground 2, petitioner claims that the search violated the Fourth Amendment. These constitutional violations, if they occurred, occurred before petitioner entered his plea of guilty.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973).[1] On the other hand, "when state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding." Lefkowitz v. Newsome, 420 U.S. 283, 293 (1975). Nevada does have such a rule:

> With the consent of the court and the district attorney, a defendant may enter a conditional plea of guilty, guilty but mentally ill or nolo contendere, reserving in writing the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal must be allowed to withdraw the plea.

Nev. Rev. Stat. § 174.035(3). In the amended petition, petitioner will need to allege that he entered a conditional guilty plea that satisfied the requirements of § 174.035(3). Otherwise, he will need to omit grounds 1 and 2 from the amended petition.[2]

Ground 3 is titled as a claim that petitioner was denied his direct appeal and that counsel never told petitioner about his right to appeal. However, nowhere in the memorandum's discussion of ground 3—the petition itself simply refers to the memorandum—does petitioner mention anything about an appeal. Instead, petitioner mentions four issues:

1. The prosecutor coerced petitioner into pleading guilty by conditioning the agreement on both defendants (petitioner's brother was his co-defendant) accepting it;

2. The evidence is insufficient to support the charges, once the illegally obtained evidence is suppressed;

3. Counsel failed to investigate the charges or to discover the Fourth Amendment violation; and

---

[1] In ground 5, petitioner does raise a claim that his guilty plea was involuntary and unknowing because of counsel's poor advice, but that claim is distinct from the claims of Fourth Amendment violations that petitioner raises in grounds 1 and 2. See Kimmelman v. Morrison, 477 U.S. 365, 374 (1986).

[2] The court makes no statement whether petitioner received a full and fair opportunity to litigate the Fourth Amendment claims in state court, which would bar this court from considering those claims. See Stone v. Powell, 428 U.S. 465 (1976).

   4. The state agreed to a prison sentence of 24 to 60 months, but petitioner received a sentence of 48 to 120 months.

There are two possibilities. First, these are the issues that petitioner wanted raised on direct appeal. Second, petitioner mis-titled ground 3. The court cannot determine from the face of the memorandum which possibility is correct. Petitioner will need to file an amended petition that clears up the vagueness of ground 3.

   In addition to correcting the defect in grounds 1, 2, and 3, petitioner will need to re-allege his remaining grounds for relief in the amended petition, or they will be waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Petitioner should not file another supporting memorandum with the amended petition. Instead, he should allege all the facts in support of his grounds for relief in the body of the amended petition itself.

   Petitioner has submitted a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition and the supporting memorandum, the court concludes that appointment of counsel is not warranted in this action.

   IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel.

   IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.

   IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 3:12-cv-00335-LRH-WGC, above the word "AMENDED."

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED this 5th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE