UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICK A. FOX, JR.,<br><br>Petitioner,<br><br>v.<br><br>GREG SMITH, et al.,<br><br>Respondents. | Case No. 3:12-cv-00335-MMD-WGC<br><br>ORDER |

Petitioner has submitted an amended petition (dkt. no. 10). The Court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will direct respondents to submit a response.

The Court found grounds 1 and 2 of the original petition (dkt. no. 7) to be defective because the Fourth Amendment violations that he alleged in those grounds pre-dated petitioner's guilty plea. The plea normally is a break in the proceedings that does not permit a petitioner to raise independent constitutional claims that pre-date the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Court gave petitioner the opportunity to allege that he had entered a conditional guilty plea pursuant to Nev. Rev. Stat. § 174.035(3), which would let him raise the Fourth Amendment violations on direct appeal. In the amended petition, petitioner alleges in grounds 1 and 2 that the plea was conditional. The allegation is not entirely plausible. A counsel who had negotiated a conditional plea to raise an issue on direct appeal likely would appeal the judgment, but petitioner claims in ground 3 that counsel did not file a direct appeal. Nonetheless,

counsel might have been that ineffective. The Court will accept petitioner's allegations as true for the purposes of this order.[1]

The Court found ground 3 of the original petition (dkt. no. 7) to be defective because it was unclear whether petitioner was presenting four issues or was arguing that counsel should have raised those issues on direct appeal. In ground 3 of the amended petition (dkt. no. 10), petitioner corrects that defect by alleging that he told counsel to appeal the judgment of conviction and that he wanted counsel to raise four issues on direct appeal. One of the issues that petitioner wanted raised on direct appeal was ineffective assistance of counsel. In Nevada, that issue must be raised in a post-conviction habeas corpus petition, not on direct appeal. *Gibbons v. State*, 634 P.2d 1214 (Nev. 1981). The Court cannot conclude that the other three issues are without merit on the face of the petition, and respondents will need to respond to them.

Petitioner has re-alleged grounds 4 and 5 in the amended petition (dkt. no. 10), and respondents will need to respond to them.

Petitioner has submitted a motion to reconsider appointment of counsel (dkt. no. 11). Nothing in the motion would cause the Court to depart from its decision regarding petitioner's motion for appointment of counsel (dkt. no. 8).

IT IS THEREFORE ORDERED that petitioner's motion to reconsider appointment of counsel (dkt. no. 11) is DENIED.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the amended petition (dkt. no. 10). If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

---

[1] The Court makes no statement whether petitioner received a full and fair opportunity to litigate the Fourth Amendment claims in state court. That opportunity would bar this Court from considering those claims. *See Stone v. Powell*, 428 U.S. 465 (1976).

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that, henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

DATED THIS 1st day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE