UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICK A. FOX, JR.,<br><br>                          Petitioner,<br>v.<br>GREG SMITH, et al.,<br><br>                         Respondents. | Case No. 3:12-cv-00335-MMD-WGC<br><br>ORDER |

Before the Court are the amended petition for a writ of habeas corpus (dkt. no. 10), respondents' motion to dismiss (dkt. no. 15), petitioner's opposition (dkt. no. 18), and respondents' reply (dkt. no. 19). The Court grants the motion because two grounds are barred from review and because the state-court remedies for the remaining three grounds are not exhausted.

Pursuant to a plea agreement, the state district court convicted petitioner of trafficking in a controlled substance. Ex. 10 (dkt. no. 16). Petitioner did not appeal the judgment of conviction. Petitioner did file in state district court a post-conviction habeas corpus petition and supporting memorandum. Ex. 16, Ex. 17 (dkt. no. 16). The state district court denied the petition. Ex. 19 (dkt. no. 16). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 28 (dkt. no. 16). The Nevada Supreme Court denied petitioner's requests for rehearing and for reconsideration en banc. Ex. 30, Ex. 32 (dkt. no. 16). Petitioner then commenced this action.

The Court cannot consider Grounds 1 and 2 of the amended petition. In Ground 1, petitioner claims that he was denied a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978), to challenge the truthfulness of statements made in the affidavit in support of the application of a search warrant. In Ground 2, petitioner claims that the search violated the Fourth Amendment. These constitutional violations, if they occurred, occurred before petitioner entered his plea of guilty.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann [v. Richardson*, 397 U.S. 759 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). On the other hand, "when state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding." *Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975). Nevada does have such a rule:

> With the consent of the court and the district attorney, a defendant may enter a conditional plea of guilty, guilty but mentally ill or nolo contendere, reserving in writing the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal must be allowed to withdraw the plea.

Nev. Rev. Stat. § 174.035(3). In the amended petition (dkt. no. 10), petitioner alleges that his guilty plea was conditional. However, the Court agrees with respondents that the guilty plea was not conditional. Petitioner did waive a preliminary hearing on the condition of a plea agreement. Ex. 1 (dkt. no. 16). Neither the transcript of the plea hearing nor the written plea agreement mention that the plea of guilty was conditional. *See* Ex. 6 (transcript of plea hearing), Ex. 7 (guilty plea memorandum) (dkt. no. 16). Because the constitutional violations alleged in Grounds 1 and 2 preceded entry of the plea, and because the plea was not conditional, the Court cannot consider Grounds 1 and 2.

Respondents argue that petitioner has not exhausted his state court remedies for Grounds 3, 4, and 5.[1] Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Ground 3 is a claim that counsel provided ineffective assistance because counsel did not follow petitioner's instructions to file a direct appeal. Petitioner presented a similar claim in state court, though in that case he alleged that counsel failed to inform him of the right to a direct appeal. Ex. 17, at 4-5 (dkt. no. 16). The legal theory and the facts have changed, from a failure to inform, to a failure to follow directions. The Nevada Supreme Court has not had the opportunity to rule upon the claim as presented in Ground 3, and that ground is not exhausted.

Ground 4 is a claim of ineffective assistance of counsel. Petitioner presents three reasons why counsel was ineffective: (1) counsel let petitioner plead guilty to a manufactured charge without seeking a hearing pursuant to *Franks* to examine the truthfulness of the warrant, (2) counsel did not investigate the coercion of the prosecutor that forced petitioner to plead guilty, and (3) if not for counsel's defiant attitude, he would have looked into petitioner's allegations and would have filed a motion to withdraw the guilty plea. In state court, petitioner presented a claim of ineffective assistance of counsel, but the reasons were different: (1) misinformation contained in the pre-sentence investigation report, and (2) untrue information in the declaration supplement. *See* Ex. 17, at 6 (dkt. no. 16). The operative facts differ between what petitioner presented in state court and what petitioner presented in this Court, and that

---

[1] Respondents also argue that Grounds 1 and 2 are unexhausted. The argument is moot because the Court has decided that it cannot consider those grounds due to the guilty plea.

difference has fundamentally altered the claim. See *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). Ground 4 is not exhausted.

In Ground 5, petitioner claims that his plea was involuntary, that the prosecutor coerced the plea, and that the plea is illegal because counsel did not investigate petitioner's allegations of illegal search and seizure. The corresponding claim in the state habeas corpus petition contained no allegations of fact. See Ex. 17, at 7 (dkt. no. 16). The addition of facts has fundamentally altered the claim that petitioner presented to the state courts. *Hillery*, 474 U.S. at 260. Ground 5 is not exhausted.

After the dismissal of Grounds 1 and 2, all the remaining grounds in the amended petition (dkt. no. 10) are not exhausted. Consequently, the Court will dismiss this action. See *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). See also *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) ("Once Rice moved for dismissal, the district court was 'obliged to dismiss immediately,' as the petition contained no exhausted claims.").

Jurists of reason would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability.

It is therefore ordered that respondents' motion to dismiss (dkt. no. 15) is granted. This action is dismissed without prejudice for the failure to exhaust available state-court remedies. The Clerk of the Court shall enter judgment accordingly.

It is further ordered that a certificate of appealability is denied.

DATED THIS 28th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE